**W.D. GOLDSBY, etc., et al., Appellees,**

v.

**Thomas SULLIVAN, et al., Appellants.**

No. 83–2513.

United States Court of Appeals, Eighth Circuit.

Submitted March 13, 1984.

Decided May 29, 1984.

Pulliam Law Offices by Janet L. Pulliam, Little Rock, Ark., for appellants.

George W. Proctor, U.S. Atty., Little Rock, Ark., Frank V. Smith, III, Regional Atty., Kermit Fonteno, Asst. Regional Atty., Office of the Gen. Counsel, U.S. Dept. of Health and Human Services, Dallas, Tex., for appellees.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and RICHARD S. ARNOLD, Circuit Judge.

PER CURIAM.

Appellants W.D. Goldsby and the Economic Opportunity Agency of Pulaski

County, Arkansas, Inc. (EOA) appeal from an order of the District Court[1] dismissing their third-party complaint against appellees, the United States Department of Health and Human Services and certain officials of that department. Appellant Goldsby is the executive director of the EOA which administered the Operation Headstart Program. For reversal appellants contend that the District Court erred in finding that appellees were immune from suit pursuant to the discretionary function exception of the Federal Tort Claims Act (FTCA). 28 U.S.C. § 2680(a). We affirm.

On January 25, 1983, former employees of Operation Headstart filed suit in state court against appellants alleging wrongful termination. Appellants thereafter filed a third-party complaint against appellees. The third-party complaint alleged that appellees should be liable for any damages that might result from the terminated employees' suit. The complaint alleged that "[t]he grant under which the Headstart program was administered by [appellants], was funded by [appellees] in the action" and "[a]ny expenditures or employment decisions made concerning this grant were made pursuant to the guidelines that were established by [appellees] in the action." Appellees removed the matter to federal district court and filed a motion to dismiss for lack of subject matter jurisdiction.

Without conducting a hearing, the district court found that appellees' actions were planning decisions and were therefore exempt discretionary functions under 28 U.S.C. § 2680(a). *See Madison v. United States*, 679 F.2d 736, 739 (8th Cir.1982) (awarding a grant and promulgating regulations are exempt planning decisions pursuant to 28 U.S.C. § 2680(a)). On appeal appellants contend that the District Court erred in failing to conduct a fact-finding hearing to determine whether appellees were involved in day-to-day operational de-

cisions which are nonexempt under the FTCA. *See id.* We disagree.

"It is clear that in some instances a tort claim against the Government may be properly dismissed by the court without fact-finding on the grounds that the claim falls within the discretionary function exception as a matter of law." *Miller v. United States*, 583 F.2d 857, 866 (6th Cir.1978) (footnote omitted). In *Konecny v. United States*, 388 F.2d 59, 62 (8th Cir.1967), this court rejected an argument that the "District Court erred in dismissing [a] complaint for damages based on the [Federal] Tort Claims Act for lack of jurisdiction by ruling as a matter of law that the alleged wrongful acts of the United States clearly fell within the discretionary function of the Act." We held that "the burden was on [the claimant] to frame a pleading sufficient to support the District Court's jurisdiction." *Id.* In the case at bar, we agree with appellees that appellants failed to allege any facts that would require the District Court to hold a hearing to determine whether appellees were involved in the day-to-day operations of the Headstart program.

Judgment affirmed.

---

**1.** The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.